```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :     14-CR-26 (ARR)
        -against-                                                    :
                                                                     :     NOT FOR ELECTRONIC
VINCENT ASARO, JEROME ASARO, JACK                                    :     OR PRINT PUBLICATION
BONVENTRE, THOMAS DI FIORE, and JOHN                                 :
RAGANO,                                                              :     OPINION & ORDER
                                                                     :
                Defendants.                                          :
                                                                     :
-------------------------------------------------------------------- X
```

ROSS, United States District Judge:

    Defendant Jerome Asaro ("Jerome") has brought a motion to dismiss Counts One and Two of the indictment under Federal Rule of Criminal Procedure 12(b)(3)(A). Dkt. #104.[1] Jerome argues that his prosecution for the racketeering conspiracy charged in Count One violates the Double Jeopardy Clause because he previously pleaded guilty to a racketeering offense that involved the same criminal enterprise and the same pattern of racketeering activity. Jerome also requests disclosure of government evidence for the court's in camera review or an evidentiary hearing to develop facts relevant to his double jeopardy claim. In the alternative, he seeks dismissal of the indictment on due process grounds because of the delay in bringing the charges.

    For the reasons set forth below, I find that the substantive racketeering offense charged in the 2007 indictment and the racketeering conspiracy charged in the current indictment are legally distinct, so the successive indictments do not pose any double jeopardy concerns. Accordingly, the motion to dismiss is denied in its entirety.

---

[1] In a separate opinion issued today regarding two of the defendants' motions for severance, the court ordered that defendants Bonventre, DiFiore, and Ragano should be tried on Counts Two, Three, and Four of the indictment in a separate trial from the trial of Count One. The government may choose whether to try Vincent and Jerome together with the other defendants on Counts Two, Three, and Four, or whether to try them on all charges in a later trial on Count One. In this opinion, the court will refer to the counts as they are currently numbered in the superseding indictment.

1

**BACKGROUND**

The following facts are undisputed. In 2007, the government charged Jerome and sixteen co-defendants in a thirty-nine count indictment. See United States v. Accardo, No. 06-CR-800 (SLT). In Count One, the government charged Jerome and other defendants with a substantive racketeering offense in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). See Dkt. #123, Ex. A. Count One alleged a pattern of racketeering activity between July 1989 and January 2007, including twenty-nine predicate racketeering acts, three of which named Jerome. In Count Two, the government charged Jerome and other defendants with a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Count Two alleged that the defendants conspired to commit a pattern of racketeering activity consisting of the predicate acts charged in Count One. On August 27, 2007, Jerome pleaded guilty to Count One of the indictment, the substantive RICO offense, including two of the charged racketeering acts, bookmaking and extortionate collection of credit. See Dkt. #123, Ex. B. As part of the plea agreement, the government moved to dismiss with prejudice the other counts charged against Jerome, and the court granted the motion.

In the instant case, the government has charged Jerome and four co-defendants in a four-count indictment. See Superseding Indictment, Dkt. #43. In Count One, the government charges Jerome and other defendants with a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The indictment alleges that the defendants conspired to commit a pattern of racketeering activity between January 1, 1968 and June 30, 2013, including thirteen predicate racketeering acts, six of which name Jerome. In Count Two, the government charges Jerome and other defendants with a conspiracy to use extortionate means to collect or attempt to collect extensions of credit in violation of 18 U.S.C. § 894(a)(1).

## DISCUSSION

**I.     Double Jeopardy Challenge to Count One**

Jerome argues that Count One of the indictment must be dismissed on double jeopardy grounds because it charges him with participating in the same criminal enterprise and pattern of racketeering activity to which he pleaded guilty in the 2007 case. Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def's Mem."), Dkt. #104, at 6-16.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This provision bars successive prosecutions where "the charged offenses are the same in fact and in law." United States v. Estrada, 320 F.3d 173, 180 (2d Cir. 2003). To determine whether two offenses are the same as a matter of law, courts apply the well-established "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932). Under the Blockburger test, the court "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993). If the offenses are the same in law, the court must consider whether the offenses are the same in fact, which requires an examination of the "totality of the facts and circumstances." United States v. Basciano, 599 F.3d 184, 197 (2d Cir. 2010) (quoting United States v. Olmeda, 461 F.3d 271, 282 (2d Cir. 2006)).

Here, the substantive RICO offense to which Jerome pleaded guilty in 2007 and the RICO conspiracy charged in the new indictment are different offenses as a matter of law. It is an "established doctrine that a conspiracy to commit a crime is a separate offense from the crime itself." United States v. Felix, 503 U.S. 378, 391 (1992). Accordingly, the Second Circuit has "repeatedly ruled that RICO conspiracy and substantive RICO are not the same offense." United

States v. Sessa, 125 F.3d 68, 71 (2d Cir. 1997), cert. denied sub nom. Scarpa v. United States, 522 U.S. 1065 (1998). Under the Blockburger test, each offense requires proof of an element that the other does not require: a RICO conspiracy requires proof of "the existence of an agreement to violate RICO's substantive provisions," while a substantive RICO offense requires proof that the defendant "associated himself with the enterprise and committed at least two predicate acts in connection with the conduct of the enterprise." Id. (quoting United States v. Benevento, 836 F.2d 60, 73 (2d Cir. 1987)). Since the offenses are legally distinct under the Blockburger test, successive prosecutions for RICO conspiracy and substantive RICO offenses do not violate the Double Jeopardy Clause. Id. at 73; accord United States v. Diaz, 176 F.3d 52, 116 (2d Cir. 1999); United States v. Coonan, 938 F.2d 1553, 1566 (2d Cir. 1991); Benevento, 836 F.2d at 73.

Jerome argues that the offenses are the same in law because the "successive indictments allege violations of the same statute, here 18 U.S.C. § 1962." Def.'s Mem. 7. In support of this argument, Jerome argues that the underlying conduct to which he pleaded guilty in 2007 is the same as the conduct charged in this new indictment: using extortionate means to collect credit. He asserts that "[b]y the simple expedient of slicing and dicing up a single wide-ranging pattern of loansharking activity and scattering some predicates into one indictment, and other predicates into another indictment, [the government has] sought to circumvent . . . the constitutional guarantee against double jeopardy." Def.'s Mem. 11. This argument, however, ignores the critical distinction between the two indictments: in 2007, Jerome pleaded guilty to the commission of charged racketeering acts under § 1962(c), while the current indictment charges him with conspiring to commit charged racketeering acts under § 1962(d). The Second Circuit has held that the Blockburger test applies to prosecutions under separate provisions of the RICO statute, even where the charged conduct overlaps. In Sessa, the defendant had been convicted of

4

substantive racketeering in a prior trial, and he argued that his subsequent indictment for RICO conspiracy violated the Double Jeopardy Clause because "that charge requires proof of facts that were proved at his first trial." 125 F.3d at 72. The defendant asserted that "the court should look beyond the statutory elements of the two offenses and compare the specific allegations in the two indictments." Id. The Second Circuit disagreed, finding that "Dixon makes clear that although the Double Jeopardy Clause prohibits successive prosecutions for the same offense (as defined in Blockburger), it does not bar a second prosecution based on conduct proved at the first trial." Id.; cf. Basciano, 599 F.3d at 197-98 (holding that double jeopardy did not bar successive prosecutions for RICO conspiracy and conspiracy to commit murder in aid of racketeering because Dixon "preclude[s] fact-based analysis of double jeopardy claims based on successive prosecutions under different statutes").

Therefore, it is not necessary to address Jerome's discussion of whether the successive indictments charged the same enterprise and pattern of racketeering activity. The cases relied upon by defendant all address whether the Double Jeopardy Clause bars successive prosecutions under the same provision of the RICO statute, either the conspiracy or the substantive provision. See Basciano, 599 F.3d at 200 (addressing successive prosecutions for substantive RICO offenses); United States v. Russotti, 717 F.2d 27, 29-30 (2d Cir. 1983) (defendants had been acquitted of RICO conspiracy and substantive RICO offense, then subsequent indictment also charged RICO conspiracy and substantive RICO offense); United States v. DeCologero, 364 F.3d 12, 15, 17 (1st Cir. 2004) (same); cf. United States v. Mallah, 503 F.2d 971, 982 (2d Cir. 1974) (addressing successive indictments for conspiracy to violate federal narcotics laws). Where the government charges a defendant with successive violations of the same statute, the offenses are clearly the same as a matter of law, so the court must conduct a totality-of-the-

circumstances inquiry to determine whether the charges are the same in fact. In the RICO context, the Second Circuit applies a detailed five-factory inquiry to determine "whether successive racketeering charges in fact present distinct patterns of racketeering activity." Basciano, 599 F.3d at 200 (citing Russotti, 717 F.2d at 33). However, the Russotti test is inapplicable here, where the successive indictments charge Jerome under two different provisions of the RICO statute.

The court notes that the 2007 indictment did charge Jerome with RICO conspiracy, a count that was dismissed with prejudice pursuant to his guilty plea. Jerome does not appear to assert a double jeopardy argument based on the dismissed RICO conspiracy charge in 2007. However, the court agrees with the government that, should Jerome be seeking to assert this argument, it is without merit because the Second Circuit rejected a similar contention in United States v. Dionisio, 503 F.3d 78 (2d Cir. 2007). In Dionisio, the defendant pleaded guilty to substantive racketeering, and the government moved to dismiss with prejudice the other counts against him, including a RICO conspiracy charge. Id. at 80. The government subsequently indicted the defendant on a RICO conspiracy charge, and the defendant argued that the charge violated the Double Jeopardy Clause. Id. The Second Circuit declined to adopt a bright-line rule that jeopardy can never attach when a charge is dismissed with prejudice prior to trial. Id. at 85-86. Instead, the Second Circuit held that "a pretrial dismissal, even with prejudice, does not trigger the attachment of jeopardy unless it represents a merits-based resolution of allegations in the indictment in a way that involved risk of conviction." Id. at 88. In Dionisio's case, the dismissal of the RICO conspiracy count with prejudice occurred as the result of "an agreement between the parties that following Dionisio's plea of guilty to one count of substantive racketeering, the government would move to dismiss the remaining counts with prejudice." Id. at

89. Since there was no indication that the dismissal of the RICO conspiracy count "entailed a resolution of any factual elements that went to the merits of the charges" or "involved a process that put Dionisio at any risk of conviction," the Second Circuit concluded that jeopardy did not attach to the dismissal. Id. Here, too, the government moved to dismiss the RICO conspiracy charge against Jerome in the 2007 indictment with prejudice as part of his agreement to plead guilty to the substantive RICO charge. Just as in Dionisio, there is no indication that the dismissal pursuant to the plea agreement entailed a resolution of the merits of the charge or put Jerome at risk of conviction, so jeopardy did not attach.

Therefore, Jerome's double jeopardy challenge to Count One is denied. He cannot rely on the RICO conspiracy charge that was dismissed with prejudice in 2007 since jeopardy never attached to that charge. The substantive RICO offense to which he pleaded guilty in 2007 is different as a matter of law from the RICO conspiracy charged in this indictment, so the successive indictments do not violate the Double Jeopardy Clause.

## II.  Double Jeopardy Challenge to Count Two

In his motion to dismiss, Jerome also asserts that Count Two must be dismissed on double jeopardy grounds. However, Jerome appears to rely on the mistaken impression that Count Two charges substantive racketeering as a counterpart to the racketeering conspiracy charged in Count One. Def.'s Mem. 1. In fact, Count Two charges Jerome and other defendants with an extortionate collection of credit conspiracy under 18 U.S.C. § 894(a)(1), which is plainly a legally distinct offense from the substantive RICO offense under 18 U.S.C. § 1962(c) to which he pleaded guilty in 2007. Therefore, to the extent that Jerome raises a double jeopardy challenge to Count Two, it is denied.

**III.    Request for <u>In</u> <u>Camera</u> Review of Evidence or Hearing**

Jerome asserts that, should the court not be inclined to grant his motion to dismiss on double jeopardy grounds at this stage, he is entitled to an opportunity to develop the factual record underlying his claim. Specifically, he seeks an order requiring the government to disclose relevant evidence for the court's <u>in</u> <u>camera</u> review or an evidentiary hearing. He argues that the current record is "one-sided" and "controlled by the government," so the court cannot "render a fully informed decision on the <u>Russotti</u> factors" without additional disclosure or a hearing. Def.'s Mem. 18.

These requests are predicated on Jerome's assumption that in order to resolve the double jeopardy claim, the court will need to undertake a fact-intensive inquiry to determine whether the RICO charge in the 2007 case and the RICO charge in this case involved the same pattern of racketeering activity. For the reasons already stated, however, the offenses are legally distinct under the <u>Blockburger</u> test, so there is no double jeopardy violation and no need to reach the factual inquiry under <u>Russotti</u>. Jerome's claim can be decided as a matter of law without any need to examine the factual record. Therefore, disclosure of evidence or an evidentiary hearing would have no bearing on the resolution of this motion, and Jerome's request is denied.

**IV.    Due Process Claim of Pre-Indictment Delay**

Finally, Jerome argues that the indictment must be dismissed on due process grounds because it charges a 45-year racketeering conspiracy in which the majority of the charged racketeering acts occurred 30 or more years ago. Def.'s Mem. 20-22.

As Jerome recognizes in his brief, the Supreme Court has held that the statute of limitations is "the primary guarantee against bringing overly stale criminal charges." <u>United</u>

States v. Marion, 404 U.S. 307, 322 (1971) (quoting United States v. Ewell, 386 U.S. 116, 122 (1966)). "An indictment brought within the time constraints of the statute may nevertheless violate due process where pre-indictment delay has been shown to cause 'substantial prejudice' to the defendant's ability to present his defense and 'the delay was an intentional device to gain [a] tactical advantage over the accused.'" United States v. Cornielle, 171 F.3d 748, 752 (2d Cir. 1999) (quoting Marion, 404 U.S. at 324). Here, Jerome acknowledges that he "is not yet well enough informed to identify the Government's motives in cobbling together an Indictment charging acts spanning back to January 1, 1968, or to identify specific prejudice from the 45-year preindictment delay in defending against it." Def.'s Mem. 21. Instead, he asserts that he is making this motion on the record now and "reserves the right to supplement or renew this claim as further facts become available." Id. at 22. Since Jerome admits that, at this stage, he has no evidence to support either of the two requirements to establish a due process violation based on pre-indictment delay, his motion on this ground must be denied without prejudice to renewal at a later date.

## CONCLUSION

For the foregoing reasons, defendant Jerome Asaro's motion to dismiss Counts One and Two of the indictment on double jeopardy grounds, and his alternative motion to dismiss the indictment on due process grounds based on pre-indictment delay, is denied.

SO ORDERED.

                 __/s/_____
                 Allyne R. Ross
                 United States District Judge

Dated:   August 21, 2014
       Brooklyn, New York