LAW OFFICES OF
# LAWRENCE M. FISHER
233 BROADWAY – suite 2348
NEW YORK, NEW YORK 10279

TELEPHONE (212) 226-5700
FACSIMILE (212) 226-3224
EMAIL: Fishercrimlaw@gmail.com

VIA ECF    March 25, 2015
Honorable Allyne R. Ross
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  111201

Re: <u>United States of America v. Jerome Asaro</u>
14-CR-26 (ARR)

Dear Judge Ross:

After having just received the Addendum to the PSI at 5pm today, I respectfully submit this supplemental letter on behalf of Mr. Jerome Asaro, who is scheduled to be sentenced by Your Honor on March 26, 2015.

In this letter, I submit to the Court a new, alternative argument to my prior sentencing letter regarding my client's criminal history category. In my original sentencing letter dated March 12, 2015, I argued, in greater detail, that in computing the criminal history category points, the Court should only consider the sentences that occurred *prior* to the instant offenses to which the defendant pled guilty. I previously argued that pursuant to the superseding information filed with the Court and to which Mr. Jerome Asaro pled guilty, that Count One, racketeering conspiracy, refers to two acts that were committed during the period of time between January 1, 1968 and December 31, 1987. Specifically, the defendant pled guilty to committing these two acts, accessory after the act to murder committed between 1984 and 1986 and arson conspiracy and arson committed between 1980 and 1981. Therefore, I argued, that in computing the correct amount of criminal history points applicable, any sentences that occurred *after* 1987 should not be counted. I argued that as a result, my client had five criminal history points resulting in a level III criminal history category.

I now write to submit the following alternative argument that arrives at the same conclusion that Mr. Jerome Asaro is not a level IV, however, arrives at that conclusion differently. If the Court were to consider my client's entire criminal history up to the present, it would indicate, in part, four criminal history points comprised of the following extremely old convictions which I now argue should not be considered by the Court: one point for a 1977 misdemeanor conviction for attempted petit larceny with a $250 fine; two points for a 1982 misdemeanor conviction (1980 arrest) for attempted arson 4th degree with a sentence of 60 days jail and three years probation; and one point for a 1989 misdemeanor conviction (1987 arrest) for criminal possession of stolen property 5th degree with a sentence of a conditional discharge.

The first offense was committed 38 years ago in 1977, when Jerome Asaro was 19 years old, the second offense was committed 35 years ago in 1980, when he was 22 years old, and the third offense was committed 28 years ago in 1987, when he was 29 years old. Combined, these three ancient convictions add a total of four criminal history points to Mr. Jerome Asaro's criminal history category thereby over-representing the seriousness of his criminal past. USSG §4A1.2(e)(2) states that "any other prior sentence that was imposed within 10 years of the defendant's commencement of the instant offense is counted" however, §4A1.2(e)(3) states that "any prior sentence not within the time period specified above is not counted." In other words, these sections provide for a ten year time limitation on prior sentences. Therefore, these old prior sentences dating back way over ten years should not be counted. It should also be noted that the defendant's prior PSI in 2008, completed by the same Probation Officer, Patricia Sullivan, added zero (0) points for the same 1977 conviction.

In addition, if the Court finds that the 1982 three year probationary sentence matter is too old and that the defendant should not receive any criminal history points for it, then accordingly, the defendant should also not receive two additional points for committing the instant offense while under a criminal justice sentence.

In granting criminal history category departures because the criminal history is overstated, the court may consider (1) the age of the priors, (2) the defendant's age at time of the priors, (3) whether drug and alcohol use were involved in the priors, ((4) the circumstances of the prior offenses ; (5) the length of the prior sentences; (6) the circumstances of the defendant's life at the time of the priors, and (7) the proximity of the priors. U.S. v. Hammond, 240 F. Supp.2d 872 (E.D. Wisc. 2003). See also, U.S. v. Moore, 209 F.Supp. 2d 180 (D.D.C. 2002) (four years in between commission of previous offenses and instant offense, and relative length and nature of his previous sentences in comparison with sentence prescribed by the guidelines); United States v. Huerta-Rodriguez, ___ F. Supp. 2d ___, 2005 WL 318640, 2005 U.S. Dist. LEXIS 1398 (D. Neb. Feb. 1, 2005) (Bataillon, J.) where the guideline range was 70-87 months, the

court imposed 36 months for over-representation of criminal history in that prior occurred nearly ten years ago); U.S. v. Wilkerson, 183 F.Supp.2d 373 (D. Mass. 2002) (where D convicted of distribution of crack, his criminal history score of VI over-represented his criminal culpability for purposes of sentencing, and thus defendant was entitled to a downward departure to IV and (170 to 120 months) where he had no convictions for crimes of violence, and he had received sentences for prior convictions that just barely triggered scoring under the guidelines. U.S. v. DeJesus, 75 F.Supp. 2d 141, 144 (S.D.N.Y. 1999) (criminal category V over represented D's criminal history where several priors were probation terms and, of three jail sentences, only one longer that 60 days, and two of eight convictions were for loitering and trespassing and did not count for guideline purposes, and remaining six convictions resulted in no more than 2 years jail, and most conduct committed before D was 21 – and now that D married and father more responsible – "a lengthy sentence required by higher criminal history category will lessen not increase the likelihood of rehabilitation."); U.S v. Hammond, 37 F.Supp.2d 204 (EDNY 1999) (departing from category VI to III where D "had no history violent behavior and his prior arrests resulted from minor drug crimes …and the kind of petty criminality associated with a poor addict's attempt to acquire money for the purchase of drugs."); U.S. v. Leviner, 31 F.Supp.2d 23 (D. Mass. 1998) (category V, based on traffic violations that accounted for 7 criminal history points, overrepresented relatively minor and non-violent nature of defendants record and replicated disparities in state sentencing scheme, particularly racial disparities); U.S. v. Miranda, 979 - 18 -F.Supp. 1040, 1044 (D.N.J. 1997) (discounting traffic convictions "distinct in seriousness and kind from the instant offense"); U.S. v. Taylor, 843 F. Supp. 38 (W.D.Pa. 1993) (downward departure from career offender level 34 to level 20 justified where prior state burglary convictions were more than ten years old and occurred when D a teenager, the crimes did not involve any physical violence or use of a weapon, and burglary spree occurred over a relatively short period);

Here, the 1977, 1982 and 1989 convictions and sentences were relatively minor, non-violent, and remote in time from the instant offense and unrelated to it. For these reasons as well, they should not be counted. These thirty-plus year old minor misdemeanor convictions have the effect of unfairly elevating Mr. Jerome Asaro's criminal history category four points higher to a level IV. As such, we request that the Court find that Mr. Jerome Asaro is not a level IV criminal history category due to the extreme old age of the three priors as over-representing the defendant's criminal history.

Lastly, ¶ 141 of the Addendum to the PSR neglects to mention or take into consideration the three-level reduction for acceptance of responsibility pursuant to §3E1.1(a) & (b) when determining the total adjusted offense level. Therefore, the Addendum incorrectly states a total offense level of 27, rather than the correct agreed upon offense level of 24.

Thank you for your consideration.

                                  Respectfully Submitted,
                                          /s/
                                  Lawrence M. Fisher

Cc:    AUSA Nicole Argentieri